UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN R. MCBRIDE, JR.,

    Plaintiff,

v.

                                             CASE NO. 8:26-cv-00628-SDM-TGW

JASON L. STOCK et al,

    Defendants.

_____/

**ORDER**

In a state-court action, Marvin R. McBride, Jr., sued (Doc. 1-12) Jason L. Stock, Melynda Stock, Blake A. Essary, Jami Essary, Thiel Ruperto, and Myra Ruperto. The Stocks and the Essarys — but not the Rupertos — removed (Doc. 1) the action. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." The removing defendants assert (1) that "[n]o affidavit of service has been filed in the State Court Action regarding Thiel Ruperto or Myra Ruperto"; (2) that the absence of an affidavit of service establishes that the Rupertos have not been "properly joined and served"; and (3) that the alleged improper service on the Rupertos renders unnecessary the Rupertos' consent to removal. (Doc. 1 at 2).

However, the absence of an "affidavit of service" on the record does not establish failure of service, especially because the state court docket reveals no

affidavit of service as to the removing defendants either.[1] Also, the docket contains a summons issued as to the Rupertos and signed by the state-court clerk. (Doc. 1-6). On this record, the removing defendants fail to show that the Rupertos were not "properly joined and served." Accordingly, unanimous consent was required but not obtained, and removal is improper. The clerk must **REMAND** the action to the Tenth Judicial Circuit in and for Polk County, Florida. The default against the Rupertos is **VACATED**, and all pending motions are **DENIED**.

**ORDERED** in Tampa, Florida, on March 30, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Rule 1.070(b), Florida Rules of Civil Procedure, provides that "[f]ailure to make proof of service will not affect the validity of the service."

- 2 -